Filed 7/14/15  P. v. McNeely CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DONALD RICHARD McNEELY,<br><br>    Defendant and Appellant. | D067359<br><br><br><br>(Super. Ct. No. SCD194654) |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Leslie A. Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury in March 2006 found defendant Donald Richard McNeely guilty of first degree burglary (Pen. Code, §§ 459 & 460).[1]  Defendant waived jury trial and admitted

---

[1]    All further statutory references are to the Penal Code.

as true two serious felony priors, one prison prior and 11 strike priors. The court sentenced defendant to a total indeterminate term of 38 years eight months to life.

On November 17, 2014, defendant as a pro per filed a petition for resentencing "under Proposition 36." Section 1170.126, added by Proposition 36 and effective November 7, 2012, permits a person serving an indeterminate term of imprisonment under the three strikes law to file a petition for recall of sentence and to request resentencing. The court denied the petition, finding it was untimely. The court also found defendant's first degree burglary conviction was a "serious felony" as defined by section 1192, subdivision (c)(18) and thus he was not eligible for the relief afforded by section 1170.126, subdivision (e)(1).

Defendant timely appealed from the order denying his petition. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appointed counsel filed a brief on behalf of defendant setting forth the facts of the case and requesting this court review the entire record. In addition, pursuant to *Anders v. California* (1967) 386 U.S. 738, appointed counsel set forth the following possible, but not arguable, issues to assist us in conducting our *Wende* review: (1) whether the court erred in finding defendant's petition was untimely; and (2) whether the court erred in finding defendant's commitment offense for his indeterminate sentence was a "serious felony" as defined in section 1192.7, subdivision (c)(18) and thus did not qualify for the relief provided by section 1170.126.

On our own motion, we gave defendant 30 days to file a brief on his behalf with this court. He did not file any supplemental brief. We now affirm the order denying his petition.

2

FACTUAL OVERVIEW[2]

On October 24, 2005, victim Badr Bakry notified the police that sometime between 8:00 a.m. and 2:45 p.m. somebody had entered his hotel room and taken his laptop computer, digital camera and digital tape recorder, all of which were in a black bag that was also taken. The following day, victim Courtney Galbreath notified the police that while attending a seminar at the same hotel, someone had taken her company laptop computer and its case, which contained her wallet, identification and credit cards.

A few days later, an employee from a computer repair business contacted the police to report that a man later identified as defendant brought in a laptop that was password protected. The man wanted the employee to "unlock" the computer. The employee noticed the laptop computer was registered to Bakry. The employee called Bakry, and he confirmed his laptop had been stolen from his hotel room a few days earlier.

When the police arrived, they admonished defendant and he waived his rights. When confronted about the laptop, defendant claimed to have recently purchased it at auction on the Internet for $340. When the police logged on to a store computer to obtain the record of the purchase, defendant claimed he could not remember his password for the auction site.

On further questioning by the police, defendant's story changed. He next claimed he met someone three days earlier in Mission Valley and purchased the laptop for $320.

---

[2]    This summary is derived from the probation report prepared in connection with defendant's March 2006 conviction for first degree burglary.

Defendant stated he could not remember the name of the person whom he bought it from. Defendant then stated he purchased two computers and a brief case for $500 from an individual that defendant knew was a thief. Although defendant admitted to the police that his circumstances "looked bad," he suggested the officers arrest the individual who sold defendant the items.

When officers searched defendant's car they found a digital camera and checkbooks with Bakry's name on them. They also found a laptop computer that was later determined to belong to Galbreath. Defendant was arrested. At the time of his arrest, defendant was a parolee at large.

## DISCUSSION

Based on our independent review of the entire record, we conclude the court did not err when it found defendant was ineligible for resentencing under section 1170.126, subdivision (e)(1) because his commitment offense for his indeterminate sentence was a "serious felony" as defined in subdivision (c)(18) of section 1192.7. Subdivision (c) of section 1192.7 states a "serious felony" includes burglary "of the first degree."

Here, the record clearly shows defendant's burglary conviction involved an inhabited dwelling, namely a hotel room, and thus was a burglary in the first degree within the meaning of section 460. Because the defendant was ineligible for resentencing under subdivision (e)(1) of section 1170.126, we need not decide in this appeal whether defendant's petition was timely.

Finally, a review of the entire record pursuant to *Wende*, *supra*, 25 Cal.3d 436 has disclosed no other reasonably arguable appellate issue.

4

DISPOSITION

The court's order denying defendant's petition brought under Proposition 36 is affirmed.

BENKE, Acting P. J.

WE CONCUR:

HALLER, J.

IRION, J.